IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JONATHAN B. BRISTOW,                )
                                    )
              Plaintiff,            )
                                    )
v.                                  )        Case No. CIV-10-43-W
                                    )
POTTAWATOMIE COUNTY COURT,          )
                                    )
              Defendant.            )


## REPORT AND RECOMMENDATION

The Court should dismiss the action without prejudice for failure to timely serve the

defendants with the complaint.

The plaintiff must serve each defendant with a summons and a copy of the complaint.

*See* Fed. R. Civ. P. 4(c)(1).[1]  Generally, service is required within 120 days of the filing of

the complaint.  *See* Fed. R. Civ. P. 4(m).  In light of the need for screening, the Court delayed

the start of the 120-day period until the authorization of service.[2]  With 120 days, the Plaintiff

had until July 28, 2010, to file proof of service.

Nine days after the deadline expired, the Court directed Mr. Bristow to serve the

defendants or to show cause why the action should not be dismissed.  The deadline was

---

[1]      Although Mr. Bristow appears *pro se*, he "is still obligated to follow the requirements of
Fed.R.Civ.P. 4."  *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (citation omitted).

[2]      Order Requiring Service at p. 1 ¶ 1 & note 1 (Mar. 30, 2010); *see* Fed. R. Civ. P. 4(m) -
advisory committee notes: 1993 Amendments ("The district court should . . . take care to protect pro
se plaintiffs from consequences of confusion or delay attending the resolution of an in forma
pauperis petition." (citation omitted)).

August 23, 2010, and the Court warned that noncompliance could result in dismissal of the claims.

Even with the extension and warning, the Plaintiff has apparently failed to serve the defendants and has not responded to the show cause order. The extended deadline lapsed eight days ago.

Notwithstanding the Plaintiff's apparent failure to effect service, the Court must consider whether the record reflects "good cause" for another extension of time. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Three factors are pertinent:

- the statute of limitations,

- service on the United States, and

- evasion of service.

*See id*. at 842. None of the factors supports an extension of time for service.

First, the Court should consider whether the statute of limitations would bar a refiled action. *See id*. The claims involve delays following Mr. Bristow's arrest on June 18, 2009, and a two-year limitations period exists.[3] Thus, the limitations period could not expire before June 18, 2011, and Mr. Bristow could refile the action even after a dismissal. This factor weighs against a further extension of time for service.

---

[3]     The period of limitations for a Section 1983 action is governed by the forum state's law for personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). In Oklahoma, the limitations period for Section 1983 actions is two years. *See* Okla Stat. tit. 12 § 95(A)(3) (2009 supp.); *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

Second, the Court should consider whether a plaintiff has unsuccessfully attempted to serve the United States. *See id.* Here, the lack of service does not involve the United States.

Third, courts may consider whether the defendants are avoiding service. *See Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997) ("Evasion of service has been held to constitute 'good cause.'" (citations omitted)). No evidence exists regarding evasion of service.

The Plaintiff has not shown good cause for a further extension of time to effect service. Indeed, the record suggests that the Plaintiff was aware of his obligation to serve all defendants in a timely manner. Mr. Bristow has been informed that:

- he had 120 days for service and the filing of proof of service, and

- the action could be dismissed if he failed to timely file proof of service.

The Court has previously extended his time for service and gave Mr. Bristow an opportunity to explain his delay. The Plaintiff simply failed to heed the warning, and the Court should dismiss the action without prejudice to refiling.

Mr. Bristow can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by September 17, 2010. *See* 28 U.S.C.A. 636(b)(1) (2010 supp.); Fed. R. Civ. P. 6(d), 72(b)(2). The failure to timely object would foreclose appellate review of the suggested ruling.[4]

---

[4] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The referral is discharged.

Entered this 31st day of August, 2010.

Robert E. Bacharach
United States Magistrate Judge